———————o———————

No. 4049.

(Court of Appeal, Parish of Orleans.)

ROMAN KELMELL vs. FRANCIS MORERE ET AL.

Issue of fact only is involved herein.

Appeal from Civil District Court, Division D.

Paul W. & Robert J. Maloney, for plaintiff and appellee.

Wickliffe & Falls, for defendant and appellant.

MOORE, J.   In execution of a judgment which he had obtained against A. E. Kelmell in the First City Court, Francois Morere, the judgment creditor, caused to be seized by the Constable of said Court certain cattle as the property of the judgment debtor.   Thereupon Roman Kelmell, claiming to be the owner of the seized property sued out and obtained a writ of injunction from the Civil District Court for the Parish of Orleans enjoining and restraining the said Morere and the said Constable, from proceeding with the sale of the property seized and prayed to be recognized as the owner thereof with

reservation of "his rights and actions in damages for the seizure aforesaid."

The answer of Morere is that *quoad* himself the property seized is subject to seizure and to be sold in satisfaction of the judgment against A. E. Kelmell forasmuch as said judgment, to quote from the answer, "was rendered for the price of certain feed which was purchased for and fed to said animals (the cattle seized). That when said feed was purchased the plaintiff herein, Roman Kelmell, brought the defendant in said suit, A. E. Kelmell, into the place of business of this defendant, introduced said A. E. Kelmell to this defendant as his, Roman Kelmell's son and informed this defendant that he, Roman Kelmell, had turned over his dairy, stock, wagons, milk routes, etc., to his son, A. E. Kelmell, and that the same belonged to said A. E. Kelmell, who would run and operate same, and that all transactions in regard to same were to be had and conducted with the said A. E. Kelmell. That said Roman Kelmell was present when said feed was ordered and he took no part in ordering same and when the dray ticket therefor was made out and presented to him for signature he directed this defendant to have his son sign same which his son did in the presence of said Roman Kelmell, and that hence said Roman Kelmell is now estopped from claiming said animals as his own and that they are not the property of his son." He prays for judgment dissolving the injunction and for the dismissal of the suit with damages.

There was judgment in favor of the plaintiff, Roman Kelmell, perpetuating the injunction and declaring him the owner of the property seized and "dismissing the petition in all other respects." From this judgment both plaintiff and Morere, the defendant, appeal.

The evidence which is quite voluminous, overwhelmingly establishes the fact that Roman Kelmell, and not A. E. Kelmell, is the legal and bona fide owner of the seized property.

This is not seriously disputed; but it is contended that Roman Kelmell is estopped from asserting his ownership of the property, *quoad* Morere, forasmuch as he had induced Morere to give the credit to A. E. Kelmell on the assurance that he, Roman Kelmell, had turned over all his property to his son A. E. Kelmell; that the latter was "running the dairy for his own account" and that his son A. E. Kelmell was the

owner of all the animals, etc. This defense has not been sustained. Roman Kelmell is illiterate, and he so informed Morere at the time that the purchase was made; he stated to to him that his son A. E. Kelmell, who could read and write, had the management of his father's business. He said nothing at any time to Morere or to any one else which in any manner suggested the idea that the business was not his own and the animals not his property. He never told Morere, as alleged in the answer that "the same" (the business and the animals) "belonged to said A. E. Kelmell," nor did Morere get any such impression by anything that was said or done by either of the Kelmell's. On the contrary, Morere testifies on cross examination, that he "considered that the dairy was the father's, and the son was working together as families do."

All that he pretends is that the elder Kelmell told him that he had turned over the business to his son, "because he (the elder Kelmell) could not read or write."

Q.—"Did he tell you that they belonged to his son?"

A.—"Before the time of signing the receipt, no sir, he didn't."

Q —"Did he tell you that at any time? Did he only tell you they were turned over to his son, or that his son owned them?

A.—That he put the dairy in his son's name, because he knew how to read and write.

Q.—Did he tell you that he had sold it to his son?

A.—No sir.

It is conclusively shown that the business was the father's, and not the son's; that it was not run in the name of the son or for his account, that the son was simply managing same for the father; that the animals were employed in the business and that Morere was never advised by word or deed of either of the Kelmell's that the business and the property seized were the son's.

The learned judge of the lower Court who saw the witnesses and heard them testify, considered that the defense was without merit, and so do we. The complaint of plaintiff on his appeal is that the judgment; whilst in his favor as to the question of ownership and which maintains his injunction, nevertheless dismisses the petition "in all other respects," which he fears may be construed as a denial of his "rights and actions in damages resulting from the said seizure."

Plaintiff was seeking no damages in the instant cause but simply reserved his right to sue for them hereafter. He had this right without the same being specially reserved to him in the judgment; and no judgment in advance of such suit can deny him that right. We do not understand our learned brother to have intended to deny plaintiff the reservation of this right and in affirming the judgment we will provide for this construction.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed, with the reservation however that it is not to be construed or interpreted as denying to the plaintiff, Roman Kelmell, such rights as he may have to sue the defendants herein for such damages, if any, which he may have sustained by reason of the unlawful seizure herein.